IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KEVIN WILLIAM GORDON                                                            PETITIONER
Reg. #21640-076

V.                                          NO.  2:10cv00001 WRW-JWC

T.C. OUTLAW, Warden,                                                           RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Kevin William Gordon, an inmate at the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1), alleging that the Bureau of Prisons (BOP) has improperly denied him jail time credit on his federal sentence for the period from June 22, 2007, through December 19, 2007. Respondent has filed a response (doc. 11). For the reasons that follow, the petition should be **denied**.

I.

On November 29, 2006, officers of the West Tennessee Judicial Violent Crime and Drug Task Force and the Gibson County sheriff's office executed a search warrant on property in Milan, Tennessee, encountering an active methamphetamine laboratory. Petitioner fled from the scene, avoiding arrest. (Crook Decl., att. 1 ¶¶ 5-9 [doc. 11-2, at 9-

11].)[1]   On December 1, 2006, Petitioner was arrested on Tennessee state charges of promoting methamphetamine manufacturing from October 14, 2006, continuing through November 16, 2006.  His logged purchases of pseudoephedrine during this period formed part of the basis for the November 29 search warrant.   Upon arrest, he was placed in state custody.  (*Id.* ¶ 5; att. 1 ¶ 60 [doc. 11-2, at 2, 27].)

On May 14, 2007, a federal indictment was returned against Petitioner based on the results of the November 29 search, and a federal warrant was issued for his arrest.  (*Id.*, att. 1 ¶¶ 1-2 [doc. 11-2, at 8].)

On June 22, 2007, Petitioner was sentenced in the Gibson County Circuit Court to a two-year imprisonment term for the state charge of promotion of methamphetamine manufacturing.  The state court awarded pretrial jail credit against his sentence for the period from December 1, 2006, through June 22, 2007.  The state judgment states that the sentence was to run "concurrent with ... all other charges and Federal sentence."  (*Id.*, att. 1 ¶ 60; atts. 2, 3 [doc. 11-2, at 27, 32, 34].)

On July 9, 2007, Petitioner was arrested by the United States Marshals Service (USMS) and transferred from the Gibson County Jail to the physical custody of the USMS pursuant to a writ of habeas corpus *ad prosequendum* for proceedings on the federal drug charges in the United States District Court for the Western District of Tennessee.  (*Id.*, att. 1 ¶ 2; att. 4[2] [doc. 11-2, at 6, 8, 36].)  He pleaded guilty to the charge of conspiracy to

---

[1] Submitted as Respondent's Exhibit A to doc. 11, this is the declaration of James D. Crook, BOP supervisory attorney, with attachments.  Attachment 1 is the presentence investigation report prepared in Petitioner's criminal case in the Tennessee federal district court.

[2] Attachment 4 is an Individual Custody and Detention Report from the USMS Prisoner Tracking System.

manufacture, attempt to manufacture and possess with the intent to distribute over fifty grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.  On December 20, 2007, the Tennessee federal district court sentenced him to 120 months of imprisonment.  The federal judgment states that the federal sentence is "to be served concurrently with sentence imposed in Gibson County Circuit Court Docket No. 17606."  (*Id.*, att. 1 ¶¶ 1 & 3; att. 5 [doc. 11-2, at 8-9, 39-41].)

On May 15, 2008, the USMS returned Petitioner to the Gibson County Jail.  On July 29, 2008, the State of Tennessee released him to the USMS due to the expiration of his state sentence, and he arrived at FCI-FC shortly thereafter.  (*Id.*, atts. 2 & 4 [doc. 11-2, at 32, 36-37].)

The BOP computed Petitioner's 120-month federal sentence as commencing on the date it was imposed, December 20, 2007.  He was given prior custody credit of 203 days from December 1, 2006 (the date he was arrested by state authorities) through June 21, 2007 (the day before the state sentence commenced).  (*Id.,* att. 7[3] [doc. 11-2, at 46].)  This credit was given pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir.1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).  *See* BOP Program Statement 5880.28, at 1-22 (Feb. 14, 1997) (stating that *Willis* credit is "given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date

---

[3]Attachment 7 is a BOP Sentencing Monitoring Computation Data summary dated February 23, 2010.

that the first sentence begins to run, federal or non-federal."). (*Id.*, atts. 8, 9 & 10 [doc. 11-2, at 49-54].)[4]

Petitioner asserts that he is entitled to additional credit on his federal sentence for the period from June 22, 2007 (when his state sentence was imposed), through December 19, 2007 (the day before his federal sentence was imposed).[5] He presented this request through the BOP's administrative remedy process, where it was denied (doc. 1, at 14-15.)

In summary, the relevant dates are as follows:

| | |
|---|---|
| 12-01-06 | Arrested on state charges; placed in state custody; custodial time through 06-21-07 credited to both state sentence and federal sentence |
| 06-22-07 | State sentence imposed; **custodial time through 12-19-07 credited to state sentence only** |
| 07-09-07 | Arrested on federal charges; transferred to federal custody |
| 12-20-07 | Federal sentence imposed; **custodial time credited to both state sentence and federal sentence** |
| 05-15-08 | Returned to state custody |
| 07-29-08 | Released to federal custody due to expiration of state sentence |

II.

A federal sentence cannot commence prior to the date it is pronounced, even if the federal court orders that it run concurrently with an existing state sentence. *Sisemore v.*

---

[4] Attachments 8 and 9 are some relevant portions of BOP Program Statement 5880.28. It is accessible in its entirety at www.bop.gov/policy.index.jsp. Attachment 10 is a "Willis/Kayfez Calculations" sheet prepared for Petitioner.

[5] Petitioner states the non-credited period as ending December 20, 2007; however, the BOP records show that his federal sentence was computed beginning December 20.

*Outlaw*, 363 F. App'x. 424, 424-25 (8th Cir. 2010); *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (district court's order that federal prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served).  Thus, Petitioner's federal sentence could not have commenced before December 20, 2007, the day it was imposed.  At that point, he began serving his federal sentence concurrently with the remainder of his state sentence.  The only way that any time served before then can be counted toward his federal sentence is if he is entitled to any presentence credit.

Computation of credit for time spent in custody before commencement of a federal sentence is governed by 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The United States Attorney General, through the BOP, is responsible for determining what credit should be awarded for any presentence custody under § 3585(b).  *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

It is clear that Petitioner received credit against his state sentence for the period from June 22, 2007 through December 19, 2007.  (*See* Crook Decl., att. 2 [doc. 11-2, at 32]

[stating that Petitioner received "[t]ime served credits" on his state sentence "from 6-22-07 to 7-30-08 when he was released at the expiration of his sentence"].)  Under § 3585(b), a defendant can receive credit on a federal sentence only for prior custodial time "that has not been credited against another sentence."  The Supreme Court and Congress have made it clear that the statute prohibits a defendant from receiving "a double credit for his detention time."  *Wilson*, 503 U.S. at 337.  *See also Potwin v. Sanders*, 231 F. App'x. 538, 539 (8th Cir. 2007) (unpublished) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).  Therefore, the BOP did not abuse its discretion in declining to award him an additional credit against his federal sentence for the same time period.

This conclusion is not altered by the fact that Petitioner was in the physical custody of federal officials during part of that period for proceedings on his federal charges.  When two separate sovereigns exercise jurisdiction over the same person during the same time period, "primary jurisdiction ... is generally determined by which one first obtains custody of, or arrests, the person."  *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  The controlling factor is "actual physical custody" of the accused.  *Id.*  Primary jurisdiction continues until the first sovereign "relinquishes its priority in some way," through release on bail, dismissal of charges, parole, or expiration of sentence.  *Id.*  If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to

be 'on loan' to the other sovereign." *Id.* at 896-97. Issuance of a writ of habeas corpus *ad prosequendum*, which is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction, does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody. *Munz v. Michael*, 28 F.3d 795, 798 & n.3 (8th Cir. 1994).

The BOP's policy is consistent with these principles, stating that time spent in federal custody under a writ of habeas corpus *ad prosequendum* from non-federal custody "will not in and of itself be considered for the purpose of crediting presentence time." BOP Program Statement 5880.28, at 1-20B (July 29, 1994). The policy further states: "The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." *Id*; *see Baker v. Tippy*, 230 F.3d 1362 (8th Cir. 2000) (unpublished table decision) (federal defendant not entitled to "additional credit" against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal charges on a federal offense, and the date his state sentence expired).

Petitioner alleges that his arrest on December 1, 2006, was by both federal and state authorities and that he was held in custody from that point "in the same Jail Facility under both Federal and State Jurisdictions," suggesting that he was in federal custody at all relevant times (doc. 1, at 8-9, 14). This is not supported by the records provided by Respondent, as described above. Instead, the records show that the State of Tennessee obtained primary jurisdiction when it arrested Petitioner on state charges on December 1, 2006, which it did not relinquish until expiration of his sentence in July 2008. The federal

presentence investigation report states that a federal arrest warrant was issued for Petitioner on May 14, 2007, and that he was arrested by the USMS on July 9, 2007, at the Gibson County Jail. (Crook Decl., att. 1 ¶ 2 [doc. 11-2, at 6, 8].) The USMS tracking records confirm that it was not until July 9, 2007, that he was arrested on the federal charges and removed from the Gibson County Jail to USMS custody pursuant to a "WHCAP." The tracking records also show that he was returned to the Gibson County Jail on May 15, 2008, and was readmitted to USMS custody on July 29, 2008. (*Id.*, att. 4 [doc. 11-2, at 36-37].) Therefore, although "on loan" to federal officials during some portion, Petitioner was in the primary custody of the State of Tennessee during the entire period in question (June 22, 2007 to December 19, 2007), the state credited this time to his state sentence, and the BOP properly declined to give him a "double credit" by also applying it to his federal sentence.

Moreover, Petitioner did receive a *Willis* credit for 203 days served in jail from December 1, 2006, to June 21, 2007. This is an exception to the presentence credit rules prohibiting double credit, applicable when an inmate is serving concurrent federal and state terms with a state full-term date that is equal or less than the federal full-term date. When this exception applies, an inmate is entitled to receive credit toward his federal sentence for all presentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins. *See Edison v. Berkebile*, 349 F. App'x. 953, 956 (5th Cir. 2009) (unpublished) (explaining *Willis* credit); BOP Program Statement 5880.28, at 1-22 (recognizing *Willis* exception). Petitioner is entitled to no more.

Petitioner argues that, on the date his state sentence was imposed, he had already completed serving that state sentence and, because there was no state sentence to credit for the custodial time period in question, it should be credited to his federal sentence. In support, he says he was sentenced under Tennessee statutes which provide that he would reach a "release eligibility date" after serving only thirty percent of his two-year sentence. He contends that, at the time his state sentence was imposed, he had already served all of that time in jail due to the presentence credit that he was given by the state court. (*See* doc. 1, at 9-11, 17, 26-27.)

Petitioner's argument – that there was no state sentence to be credited – equates his release eligibility date under Tennessee law with the expiration of his state sentence, which is incorrect. *See Scott v. State*, No. E2009-01485-CCA-R3-HC, 2009 WL 4723704, at *1 (Tenn. Crim. App. Dec. 9, 2009) ("[T]he maturation of release eligibility does not equate to the expiration of a sentence."); *Mitchell v. State*, No. M2007-02716-CCA-R3-HC, 2008 WL 4735500, at *5 (Tenn. Crim. App. Oct. 27, 2008) ("[R]elease eligibility provided for in the different sentencing ranges does not mean that a defendant's sentence expires upon serving thirty percent of a sentence. Rather, the release eligibility date is the date upon which a defendant may be considered for parole."); *Ferguson v. State*, No. W2000-00936-CCA-R3-CO, 2000 WL 1863514, at *2 (Tenn. Crim. App. Dec. 1, 2000) ("Service of 30 percent of the sentence is not service of the sentence."); *Baker v. State*, 951 S.W.2d 1, 2 (Tenn. Crim. App. 1997) ("Parole does not cause the sentence to expire or terminate but is merely a conditional release.").

The Tennessee state court acted in accordance with this law, crediting him with 204 days of pretrial jail time but not releasing him. The judgment shows a "sentence length" of

two years and "release eligibility" of "Standard 30%." (Crook Decl., att. 3 [doc. 11-2, at 34.]) State records further show that Petitioner was not released from state custody until July 2008 "at the expiration of his sentence." (*Id.*, att. 2 [doc. 11-2, at 32].) Again, the BOP reasonably found that the relevant time period was credited toward Petitioner's state sentence, declining to award him double credit under § 3585(b).

### III.

Petitioner's challenge to the Respondent's computation of his federal sentence is without merit. Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **dismissed** in its entirety, with prejudice.

DATED this 13th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE